# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GOVERNMENT ACCOUNTABILITY PROJECT,** <br> 1612 K Street, NW, Suite #1100 <br> Washington, D.C. 20006 <br><br> **Plaintiff,** <br><br> v. <br><br> **U.S. DEPARTMENT OF AGRICULTURE,** <br> 1400 Independence Ave., S.W. <br> Washington, D.C. 20250 <br><br> **FOOD SAFETY AND INSPECTION SERVICE,** <br> 1400 Independence Ave., S.W. <br> Washington, D.C. 20250 <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiff GOVERNMENT ACCOUNTABILITY PROJECT brings this suit to overturn Defendants U.S. DEPARTMENT OF AGRICULTURE and its component FOOD SAFETY AND INSPECTION's failure to comply with GOVERNMENT ACCOUNTABILITY PROJECT's Freedom of Information Act request. Plaintiff sought records regarding 1) all noncompliance reports filed against M1620, Quality Pork Processor, which engages in meat processing and meat slaughter, and 2) various records sufficient to show FSIS and USDA's enforcement of the federal food safety regulations along with their response to noncompliance discovered at various meat processing sites.

## PARTIES

2. Plaintiff GOVERNMENT ACCOUNTABILITY PROJECT is a non-profit organization serving the public by protecting government and corporate whistleblowers who expose wrongdoing. GOVERNMENT ACCOUNTABILITY PROJECT made the FOIA request at issue in this case.

3. Defendant U.S. DEPARTMENT OF AGRICULTURE ("USDA") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant FOOD SAFETY AND INSPECTION SERVICE ("FSIS") is a component of USDA, a federal agency, and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MARCH 2, 2020, FOIA REQUEST

7. On March 2, 2020, Plaintiff submitted a FOIA request to the USDA and FSIS ("Defendants") for the following records:

1) All weekly meeting agendas for establishment M1620;

2) All USDA FSIS noncompliance records for food safety from establishment M1620 and all corresponding records that stem from these noncompliance records, which should be included in the Public Health Information System (PHIS) (such as industry appeals of the noncompliance records and supervisor responses to industry appeals of noncompliance records), as set forth in FSIS Directive 13000.3, 'Responding in PHIS to Industry Appeal of Noncompliance Records' (November 16, 2016) (FSIS Directive 13000.3).

Please note that **this request includes noncompliance records (NR), to which an appeal was filed and granted, that may have been removed from view, but remain within the PHIS system**. FSIS Directive 13000.3, explicitly notes,

> '[g]ranting the appeal does not remove the NR from the PHIS system. It removes the NR from view and no longer allows any changes. The NR remains within the PHIS system **and can still be subject to Freedom of Information Act (FOIA) requests**.'
>
> 3) All tables, spreadsheets or other records that include the requested noncompliance records and/or related appeals noted in paragraph two (such as a spreadsheet indicating when a noncompliance record was received, when it was appealed, and how and when the appeal was addressed) generated from PHIS;
>
> 4) All records reflecting communication (including emails, email attachments, voicemail transcripts, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lynk, Skype, WhatsApp, Signal, or Twitter Direct Messages), informational material, standard operating procedures (SOPs), handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) to Katie Elder (Dr. Katie Elder SVMO, Dr. Katie Elder PHV, Dr. Elder) which include the following terms: 'six months,' or any variation or abbreviation of this phrase, such as '6 months' or '6 mo' AND appeal AND 'noncompliance record' or any variation or abbreviation of this phrase, such as 'NR.'

The time frame of the search is from September 24, 2018 to October 4, 2019.  Exhibit A (emphasis in original).

8.  Plaintiff requested a fee waiver.  Exhibit A.

9.  On March 6, 2020, Defendants acknowledged receipt of the request, assigned reference number 2020-FSIS-00217-F to the matter, and sought an extension of ten-business days.  Exhibit B.

10.  In that same letter, Defendants stated that Plaintiff's request for a fee waiver "is under consideration" and stated that Plaintiff was categorized as an "all other" requester.  Exhibit B.

11.  On March 31, 2020, Plaintiff asked Defendants for a status update on the request.  Exhibit C.

12.  On April 1, 2020, Defendants informed Plaintiff that FOIA Specialist Tiffanie Newman, who is handling the request, will respond with an update.  Exhibit D.

13. Having heard no other correspondence from Defendants, Plaintiff asked for another update on April 27, 2020. Exhibit D.

14. On April 27, 2020, Defendants said Ms. Newman will "be able to respond back to you today," but Plaintiff received no response from USDA. Exhibit D.

15. On April 28, 2020, Plaintiff asked for the status and expected response date of the request. Exhibit D.

16. On April 28, 2020, Defendants informed Plaintiff that the request is "still in the processing queue," and "processing times have increased" due to its case backlog dating back to 2018 and its reduced staff. Defendants also claimed that they "anticipate an additional 30 days for processing." Exhibit E.

17. On April 29, 2020, Plaintiff submitted a request for expedited processing of the request 2020-FSIS-00217-F. Exhibit F.

18. On May 8, 2020, USDA denied Plaintiff's request for expedited processing. Exhibit G.

19. In the letter, USDA claimed that Plaintiff's request for expedited processing does not meet at least one of the following criteria: "(1) Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or (2) An urgency to inform the public about an actual or alleged federal government activity, if made by an individual primarily engaged in disseminating information." Exhibit G.

20. Between May 20, 2020, and May 22, 2020, Plaintiff corresponded with USDA's FOIA Officer Luke Harman via email and over the phone to check on the status of the request.

21. In a phone conversation on May 22, 2020, Mr. Harman anticipated that the responsive records would be uploaded, reviewed, and then undergo the quality review process. Exhibit H.

22. On June 2, 2020, Plaintiff appealed the denial of expedited processing. Exhibit I.

23. On June 2, 2020, Defendants acknowledged receipt of the appeal and assigned reference number 2020-00319-A to the matter. Exhibit J.

24. On June 22, 2020, Plaintiff asked for a status update of the original request, 2020-FSIS-00217-F. Exhibit H at 6.

25. On June 22, 2020, USDA's FOIA Officer Luke Harman stated that he "reviewed almost all the records except for the emails and attachments." He also mentioned that he was having some issues loading the specific documents into a centralized program, but hopes to "move through the process as soon as practicable." Exhibit H at 5.

26. On June 25, 2020, Plaintiff sought a status update on the appeal of the request to expedite processing for 2020-FSIS-00217-F. Exhibit J.

27. On June 26, 2020, Defendants informed Plaintiff that the appeal is "currently under review." Exhibit J.

28. On July 7, 2020, Plaintiff sought a status update of the original request, 2020-FSIS-00217-F.

29. On July 7, 2020, USDA's FOIA Officer Luke Harman stated that "all of the documents have been uploaded and they are going through the QC review process." He also claimed that he cannot provide an "exact-time frame for completion," but "it will probably take at least another two weeks." Exhibit H at 4.

30. On July 22, 2020, Plaintiff asked Defendants for the estimated date of completion pursuant to 5 U.S.C. § 552(a)(7)(B)(ii). Exhibit H at 3.

31. On July 22, 2020, Mr. Harman stated that it is "undergoing a second review," but did not provide an estimated date of completion. Exhibit H at 3.

32. On August 4, 2020, Plaintiff asked Defendants for an estimated date of completion. Exhibit H at 1.

33. On August 5, 2020, Mr. Harman informed Plaintiff that he "located documents that contain equites outside of USDA" and is in the process of reaching out to the organizations with a "submitters notice in order to give them a chance to review." Mr. Harman informed Plaintiff that "it's difficult to give [] an estimated time to completion." Exhibit H at 1.

34. On September 4, 2020, USDA affirmed the denial of expedited processing. Exhibit K.

35. As addressed in the appeal letter, Plaintiff is entitled to expedited processing of these records because Plaintiff's request does meet both criteria pursuant to USDA FOIA Regulation, Title 7 C.F.R. §1.6: "(1) Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or (2) An urgency to inform the public about an actual or alleged federal government activity, if made by an individual primarily engaged in disseminating information."

36. The request addresses noncompliance records from establishment M1620, Quality Pork Processors, which engages in meat processing and meat slaughter.

37. Plaintiff discovered a noncompliance record that documents fecal material on the carcass of livestock. However, this noncompliance record was deleted from the Public Information System and not addressed via the procedure set forth in FSIS Directive 13,000.3.

38. Failure to produce the requested records, which concern not only M1620's noncompliance, but also how USDA and FSIS enforced its regulation to enforce the necessary regulation for food safety, at an expedited processing rate, is reasonably expected to pose an imminent threat to the life or physical safety of an individual.

39. M1620, the establishment at the heart of this noncompliance, is still processing meat.

40. M1620 is one of the largest pork processors in the country and a supplier of Hormel Foods, which singlehandedly produced more than one billion pounds of product annually from one of its plants in Austin, Texas.

41. Due to M1620's wide reach in the market, it is possible that a large number of people could be consuming pork that was processed by M1620, and as a result, falling ill.

42. Plaintiff is also primarily engaged in disseminating information and there is an urgency to inform the public concerning Federal Government activity.

43. Plaintiff is a non-profit, non-partisan, public interest organization that publishes numerous reports and guides every year on various issues that concern the activity of Federal Government.

44. Plaintiff uses numerous channels to disseminate information, including a hard copy newsletter, a digital newsletter, which both reach over 20,000 individuals, press releases, blogs, and social media.

45. Plaintiff's published works have also been quoted in numerous news articles over the past years.

46. In addition to the deletion of M1620's noncompliance report that documents fecal material on the carcass of the livestock, upon information and belief, FSIS supervisor, Katie Elder, deleted other noncompliance records that had not been properly addressed and this may have been done via a direction to delete all noncompliance reports more than six months old.

47. There is an urgency to inform the public of Federal Government activity, in this instance, how FSIS and USDA are enforcing the federal food safety regulations and remedying noncompliance discovered at various meat processing sites.

48. As of the date of this filing, Defendants have not complied with FOIA and have produced no responsive records.  Nor have Defendants complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated completion date when requested.

**COUNT I – DEFENDANTS' FOIA VIOLATION: EXPEDITED PROCESSING**

49. The above paragraphs are incorporated herein.

50. Defendants U.S. DEPARTMENT OF AGRICULTURE and its component FOOD SAFETY AND INSPECTION SERVICE are federal agencies and subject to FOIA.

51. The requested records are not exempt under FOIA.

52. Defendants violated FOIA by failing to grant and comply with the requirements of expedited processing.

**COUNT II – DEFENDANTS' FOIA VIOLATION: FAILURE TO PRODUCE RECORDS**

53. The above paragraphs are incorporated herein.

54. Defendants U.S. DEPARTMENT OF AGRICULTURE and its component FOOD SAFETY AND INSPECTION SERVICE are federal agencies and subject to FOIA.

55. The requested records are not exempt under FOIA.

56. Defendants violated FOIA by failing to produce the requested records.

**WHEREFORE,** GOVERNMENT ACCOUNTABILITY PROJECT asks the Court to:

  i. declare that Defendants have violated FOIA;

  ii. order Defendants to comply with the requirements of expedited processing;

  iii. order Defendants to conduct a reasonable search for records and to produce the requested records;

  iv. enjoin Defendants from withholding non-exempt public records under FOIA;

  v. award GOVERNMENT ACCOUNTABILITY PROJECT attorneys' fees and costs; and

  vi. award such other relief the Court considers appropriate.

Dated: September 10, 2020

RESPECTFULLY SUBMITTED,

*/s/ Joshua Hart Burday*

Attorneys for Plaintiff,
GOVERNMENT ACCOUNTABILITY PROJECT

Matthew Topic, D.C. Bar No. IL0037
Joshua Burday, D.C. Bar No. IL0042
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com